UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIA ESPARRAGUERA,

    *Plaintiff*,

          v.

DEPARTMENT OF THE ARMY *et al.*,

    *Defendants*.

Civil Action No. 21-421 (TJK)

**MEMORANDUM OPINION**

    The Under Secretary of the Army removed Maria Esparraguera from a select group of senior civil servants—the Senior Executive Service, or SES—because of unsatisfactory performance reviews. She sued to challenge that decision, alleging that it violated her statutory rights under the Civil Service Reform Act and her due process guarantees under the Fifth Amendment. Defendants moved to dismiss. They argue that this Court lacks jurisdiction and that in any event, Plaintiff has failed to state a claim. For the reasons explained below, the Court finds that it lacks jurisdiction to resolve Plaintiff's statutory claim and that Plaintiff does not have a protected property interest in continued SES employment to sustain her constitutional claim. Thus, the Court will grant the motion and dismiss the case.

**I.**    **Background**

    The Civil Service Reform Act of 1978 ("CSRA") provides a "framework for evaluating adverse personnel actions against federal employees" and "prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." *United States v. Fausto*, 484 U.S. 439, 443 (cleaned up). The Senior Executive Service ("SES") is a division of "high-level" federal employees who wield "significant responsibility—

including directing organizational units, supervising work, and determining policy." *Esparraguera v. Dep't of the Army*, 981 F.3d 1328, 1330 (Fed. Cir. 2020).  The SES "enable[s] the head of an agency to reassign senior executives to best accomplish the agency's mission" and lead the agency in a way that is "consistent with the effective and efficient implementation of agency policies and responsibilities."  5 U.S.C. § 3131(5), (14).

Plaintiff is a high-ranking attorney in the Department of the Army ("the Department") and served as a member of the SES responsible for hiring a replacement for a retiring Army division chief.  ECF No. 1 ¶ 43.  After the Office of Special Counsel ("OSC") received complaints about the way Plaintiff hired her preferred replacement for the division chief, the Under Secretary of the Army removed her from the SES under 5 U.S.C. § 3592, which permits removal "at any time for less than fully successful executive performance."  ECF No. 1 ¶¶ 63–65, 138–139; 5 U.S.C. § 3592(a)(2).  Plaintiff was removed from the SES but remains a federal employee at the same pay scale.

Members of the SES who challenge their removal under Section 3592 are entitled to only an "informal hearing" before an official appointed by the Merit Systems Protection Board ("the Merit Board") but not a formal proceeding before the Merit Board itself.  5 U.S.C. §§ 3592(a). Plaintiff exercised her right to an informal hearing, and the presiding official sent a transcript and record of the proceeding to the OSC and other components of the Department.  ECF No. 1 ¶¶ 167–194.  After the Merit Board took no action, Plaintiff then unsuccessfully petitioned the Under Secretary of the Army for reconsideration.  *Id.* ¶ 164.

Plaintiff then sought review of her removal in United States Court of Appeals for the Federal Circuit, the CSRA's prescribed pathway for review of employment decisions.  *See Esparraguera*, 981 F.3d at 1328.  Plaintiff argued there that her removal violated her Fifth

Amendment due process rights. *Id.* The Federal Circuit held that it lacked jurisdiction to hear Plaintiff's claims because it could only review a "final order or decision" by the Merit Board, to which—as noted above—Plaintiff was not entitled. *Id.* at 1334.

Finally, Plaintiff filed the instant suit against the Department, the Merit Board, the Secretary of the Army, and the Under Secretary of the Army. ECF No. 1. She alleges that Defendants violated her Fifth Amendment rights by depriving her of a property interest she had in her SES position without due process (Count I). Plaintiff also argues that the Merit Board violated her rights under the Administrative Procedure Act ("APA") and the CSRA when it did not review her removal and issue a formal order or decision (Count II). Defendants moved to dismiss. They argue that the Court lacks subject matter jurisdiction to resolve both of Plaintiff's claims under Rule 12(b)(1) and that she otherwise has failed to state a claim for relief under Rule 12(b)(6). ECF No. 18.

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction" and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court must determine whether it has jurisdiction before proceeding to the merits of a claim, *see Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007), and "the plaintiff bears the burden of establishing jurisdiction." *Slack v. Wash. Metro. Area Transit Auth.*, 325 F. Supp. 3d 146, 151 (D.D.C. 2018). In reviewing a motion for lack of subject matter jurisdiction under Rule 12(b)(1), courts must "accept all of the factual allegations in [the] complaint as true." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (quoting *United States v. Gaubert*, 499 U.S. 315, 327 (1991)).

A "Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint." *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017). To survive a motion under Rule 12(b)(6), a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). "[D]etailed factual allegations" are unnecessary to survive a motion to dismiss, *id.*, although a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). At this stage, courts generally may not consider materials outside the pleadings, but they can consider "documents attached as exhibits or incorporated by reference in the complaint." *Hinton v. Corrections Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (internal quotation omitted).

## III. Analysis

### A. APA Claim

Plaintiff alleges that the Merit Board's failure to formally review her appeal and issue a final, appealable administrative order violated her rights under the APA and CSRA. Thus, she claims, she was left without the formal administrative appeal process she is entitled to under the CSRA, and the Merit Board's "failure to act" was "not in accordance with law." ECF No. 1 ¶ 237. But Defendants are right that the Court lacks jurisdiction under the CSRA to resolve her statutory claim, and she may not use the APA to open the district court's door.

To begin with, the D.C. Circuit has recognized that the CSRA provides the exclusive avenue for judicial review of statutory claims arising from an agency's employment actions. The Circuit has "long held that federal employees may not use the Administrative Procedure Act to challenge agency employment actions" because the CSRA's detailed remedial scheme "preempts

judicial review under the more general APA even when that scheme provides no judicial relief." *Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009, 1010 (D.C. Cir. 2009). The Circuit has reiterated "in a variety of contexts, the exclusivity of the remedial and review provisions of the CSRA." *Fornaro v. James*, 416 F.3d 63, 67 (D.C. Cir. 2005); *see also Carducci v. Regan*, 714 F.2d 171, 173 (D.C. Cir. 1983); *Graham v. Ashcroft*, 358 F.3d 931, 933 (D.C. Cir. 2004). In other words, "what you get under the CSRA is what you get." *Fornaro*, 416 F.3d at 67.

And under the CSRA, the Court has no jurisdiction to review Plaintiff's statutory claims. First, the text of the CSRA makes clear that courts may only review final orders or decisions of the Merit Board. *See* 5 U.S.C. § 7703(a)(1). The Under Secretary of the Army removed Plaintiff under 5 U.S.C. § 3592, which states that the informal hearing to which she was entitled "shall not give the [employee] the right to initiate an action with the [Merit] Board"—the prerequisite to seeking judicial review under the CSRA. 5 U.S.C. § 3592(a)(2). Second, in any event, the CSRA funnels all actions seeking judicial review of a final Merit Board decision to the Federal Circuit or other courts of appeals; it provides no jurisdictional grant to district courts. *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 11–12 (2012) ("Given the painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions, it is fairly discernible that Congress intended to deny such employees an additional avenue of review in district court."). Indeed, it declares that actions seeking review of a Merit Board order "*shall be filed* in the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction." 5 U.S.C. § 7703(a)(1), (b)(1)(B) (emphasis added). For these reasons, the CSRA does not authorize a district court to review Plaintiff's statutory claims, and so this Court lacks jurisdiction to do so. *See Graham*, 358 F.3d at 935–36; *National Treasury Employees Union v. Egger*, 783 F.2d 1114, 1117 (D.C. Cir. 1986).

B.     **Due Process Claim**

Plaintiff also alleges that her removal from the SES violated her Fifth Amendment rights under the Constitution because Defendants deprived her of a protected property interest in her SES position without due process.

As a threshold matter, the Court finds that it has jurisdiction to address Plaintiff's constitutional claims. Even though the CSRA precludes Plaintiff from bringing statutory claims in district court, she may bring constitutional claims "which cannot be reviewed under the CSRA by the [Merit Board] nor subsequently appealed to the Federal Circuit." *Coleman v. Napolitano*, 65 F. Supp. 3d 99, 105 (D.D.C. 2014). True, the D.C. Circuit has noted that "what you get under the CSRA is what you get," *Fornaro*, 416 F.3d at 67, and Plaintiff has cited no statutory provision conferring district courts with the ability to adjudicate her constitutional claims. But the Supreme Court has explained that if a statute "purports to 'deny any judicial forum for a colorable constitutional claim,'" the statute must have a "heightened showing" of Congress's intent to do so. *Elgin*, 567 U.S. at 9 (quoting *Webster v. Doe*, 486 U.S. 592, 603 (1988)). This showing is necessary to "avoid the serious constitutional question that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." *Id.* (cleaned up).

Several courts in this district have applied this test and determined that the CSRA lacks the sort of "heightened showing" of congressional intent that would prohibit judicial review of constitutional claims, and that district courts possess jurisdiction to resolve constitutional claims like Plaintiff's. *See, e.g.*, *Coleman*, 65 F.3d at 105; *Davis v. Billington*, 51 F. Supp. 3d 97, 108 (D.D.C. 2014). Notably, Defendants do not argue to the contrary, perhaps recognizing that if Plaintiff cannot bring her constitutional claims here, she would likely lack any forum to do so. In any event, this Court agrees, finding no language in the CSRA reflecting an "unambiguous and

comprehensive" effort to "bar judicial review altogether." *Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 779–80 (1985).

Defendants *do* argue that Plaintiff's due process claim is barred by another jurisdictional hurdle: exhaustion of administrative remedies. Exhaustion requirements are generally not jurisdictional. *See, e.g.*, *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1848 (2019); *Nat'l Treasury Emps. Union v. King*, 961 F.2d 240, 243 (D.C. Cir. 1992). But the D.C. Circuit has held that in the CSRA context, exhaustion "is a jurisdictional prerequisite to suit," *Weaver v. U.S. Info. Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996), even though the CSRA contains no "direct statutory language indicating that there is no federal jurisdiction prior to exhaustion," *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1248 (D.C. Cir. 2004) (quotations omitted). The Court finds that Plaintiff has satisfied this requirement. She availed herself of the only administrative remedy available under the applicable SES-specific section of the CSRA: an "informal hearing" for an SES employee removed for "less than fully successful executive performance." 5 U.S.C. § 3592(a)–(b). She then petitioned the Under Secretary of the Army for reconsideration. Although the Government contends that she could have done more, Plaintiff followed the only process afforded to her under Section 3592.[1] That is sufficient for exhaustion purposes.

Unfortunately for Plaintiff, though, Defendants are right that she has not stated a constitutional due process claim because she has no protected property interest in her SES position, a prerequisite for a such a claim. *See Humberson v. U.S. Attorney's Office for D.C.*, 236 F. Supp.

---

[1] Defendants insist that Plaintiff had to file a complaint with the Department's OSC to exhaust her administrative remedies before suing. But the provision of the CSRA they point to is applicable only to employees—unlike Plaintiff—entitled to formal review by the Merit Board. And the cases Defendants cite involve employees who were statutorily required to seek an OSC investigation, either explicitly or as a prerequisite to a formal Merit Board hearing. *See* ECF No. 18-1 at 21. Section 3592 establishes the informal administrative process to which Plaintiff was entitled, which does not require such a step.

2d 28, 30 (D.D.C. 2003) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999)). She cites no case in which a court determined that an employee had a protected property interest in an SES position. And the case law that does exist is not favorable to her. Courts in this circuit have analyzed the issue in the context of other categories of civil service employees and the CSRA's other removal provisions. On several occasions, courts have found that an employee had a property interest or "legitimate claim of entitlement" to a position only if the CSRA mandated that the employee could only be removed for cause or comparable reasons. *See, e.g.*, *Garrow v. Gramm*, 856 F.2d 203, 207 (D.C. Cir. 1988) (holding that an employee has no property interest absent "language qualifying discharge for 'cause' or for comparable reasons"); *Humberson*, 236 F. Supp. 2d at 31 (holding that employee had a property interest where CSRA stated that they could be removed "only for such cause as will promote the efficiency of the service") (quoting 5 U.S.C. § 7513(a)); *McCabe v. Barr*, 490 F. Supp. 3d 198, 218 (D.D.C. 2020) (construing removal provision as requiring cause and therefore employee had property interest in continued employment).

The CSRA provision here does not create a similar claim of entitlement. Plaintiff was removed under Section 3592(a)(2), which states that the Secretary may remove an employee from the SES "*at any time* for less than fully successful executive performance." 5 U.S.C. § 3592(a)(2) (emphasis added). This permissive language is not an explicit "for cause" provision, and it hardly resembles other statutory language courts have interpreted as the functional equivalent of such a provision. *See, e.g.*, *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) (finding a property interest where employee could not be removed "during good behavior . . . except for misfeasance, malfeasance, or nonfeasance" (cleaned up)); *Garrow*, 856 F.3d at 206–07 (explaining

8

that a comprehensive list of reasons for termination may create property interest). Plaintiff does not seem to argue otherwise.

Instead, Plaintiff argues that 5 U.S.C. § 7543(a) contains a "for cause" removal requirement that creates a property interest. It states that an agency may take "an action covered by this subchapter . . . only for misconduct, neglect of duty, malfeasance, or failure to accept a directed reassignment or to accompany a position in a transfer of function." 5 U.S.C. § 7543(a). But that provision applies to SES personnel removed or suspended from civil service employment entirely; it does not apply to "removal under section 3592" from *only* the ranks of the SES. *Id.* § 7542. In fact, that the CSRA's other removal provisions contain "for cause" requirements (or their functional equivalents) bolsters the Court's conclusion that the statute does not create an expectation of employment in the SES.[2]

At bottom, Plaintiff cannot point to any "language qualifying discharge for cause or comparable reasons," *Garrow*, 856 F.2d at 206, and she therefore could not have had a "legitimate expectation . . . that [she] would continue" in her SES position. *See Hall v. Ford*, 856 F.2d 255, 265 (D.C. Cir. 1988). And of course, her "unilateral expectation" of continued employment in an SES position does not create a protected property interest, either. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). For these reasons, her due process claim fails.

---

[2] The structure and purpose of the SES also undermine Plaintiff's position. In creating the SES, Congress charged federal agencies with ensuring that "the executive management of the Government of the United States is responsive to the needs, policies, and goals of the Nation and otherwise is of the highest quality." 5 U.S.C. § 3131. To facilitate that goal, Congress "enable[d] the head of an agency to reassign senior executives to best accomplish the agency's mission." 5 U.S.C. § 3131(5). The permissive removal provision here matches that purpose.

**IV.     Conclusion**

For all the above reasons, the Court will grant Defendants' motion.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 24, 2022